McLENDON *et al. v.* SEIDELL.

LUMPKIN, J. 1. By the terms of the will of a married woman it was provided that a certain lot should not be sold, if possible, during the lifetime of her husband, except by the united consent of her executors, and then only when in their judgment such sale should be necessary. The husband and one son of the testatrix were appointed executors. After her death, the husband wrote to a firm of real-estate agents a letter containing the following: "Under the terms of my wife's will, my son [naming him] and myself are the executors, and any proposition you may make I have to submit to him for his approval and signature. I have suggested to make the total price $50,000—$7,500 or $10,000 cash, and the balance in five payments for five years, at 6% interest per annum." This was signed in the individual name of the husband. *Held,* that this was not on its face a direct offer to sell the property at the amount named, or an authority to the real-estate agents to do so. The agreement of one desiring to purchase to pay $50,500 for the prop-erty, the payment to the real-estate agents of $200, and an entry on the back of the letter above quoted, in these words, "Received of [nam-ing the proposed purchaser] $200 part payment of the purchase-price, $50,500, for the Stafford apartments on Carnegie Way under Mr. C. W. Seidell's proposition on opposite side of this sheet" (that being the name of the person signing the paper above quoted), which receipt was signed by the real-estate agents, did not make a valid and binding contract of sale of the property, so as, without more, to authorize the real-estate agents to recover of such person commissions on the basis of having effected a sale, if he declined to proceed further.

2. Outside of what appears on the face of such paper and the receipt en-dorsed thereon, the evidence was conflicting as to whether the person signing such paper authorized the real-estate agents to sell the property or merely to obtain an offer therefor and submit it to him. There was also testimony tending to show that, before the attempt on the part of the real-estate agents to close the transaction by accepting the pay-ment of $200 and giving the receipt, the person who signed the paper quoted in the preceding headnote had revoked any authority given to such agents and withdrawn their power to negotiate further in regard to a sale of the property, although the employee or representative of

such agents, who was negotiating with the proposed purchaser, may not have been aware thereof. There was also no evidence to prove that the coexecutor would have agreed to the sale, except certain testimony that the person who signed the instrument, and who was the defendant, expressed the opinion that his son would concur in what he might do. *Held*, that there was no error on the part of the presiding judge, to whom a suit by the real-estate agents against the person signing the instrument above quoted, to recover commissions, was submitted for determination on issues of law and fact without a jury, in rendering judgment in favor of the defendant.

*Judgment affirmed. All the Justices concur.*

MAY 16, 1913.

Complaint. Before Judge Bell. Fulton superior court. June 22, 1912.

*Etheridge & Etheridge,* for plaintiffs.

*C. T. & L. C. Hopkins,* for defendant.