6509.  STALLWORTH v. MARTIN-OZBURN REALTY COMPANY.

BROYLES, J.  1.  As to real property jointly owned by two or more persons, section 3587 of the Civil Code should be construed to read as follows: "The fact that property is placed in the hands of a broker to sell does not prevent the *owners* from selling, unless otherwise agreed. The broker's commissions are earned when, during the agency, he finds a purchaser ready, able, and willing to' buy, and who actually offers to buy on the terms stipulated by the *owners*." See Pol. Code, sec. 4, par. 4.

2.  Where a real-estate agent sued for commissions for having found a purchaser ready, able, and willing to buy, and who actually offered to buy, on the terms stipulated by the defendant, property in which the defendant owned an interest, and where the petition, construed most strongly against the pleader, showed that the defendant was not the sole owner of the land, but had only an interest therein, and that this fact was known to the plaintiff before he did any work or was put to any expense, and that the purchaser found by him was never accepted by the defendant, and that no sale of the property was ever consummated, and where the petition failed to show that the defendant represented to the plaintiff that he was acting as agent for the other owner of the property, or that the latter had agreed to the terms of the contract between the plaintiff and the defendant, or that the defendant had any authority to bind the other owner, or that the plaintiff himself had any agreement with that owner, or that the other owner had ever agreed to or ratified the terms of the contract between the plaintiff and the defendant, or that the sale fell through by reason of the fault of the defendant: *Held*, that the trial judge of the municipal court of Atlanta, in the first trial of the case, properly dismissed the petition as setting forth no cause of action, and that the appellate division of the same court erred in reversing that judgment and in granting a new trial.  See *McKinnon* v. *Hope*, 118 *Ga.* 462 (45 S. E. 413); *McLendon* v. *Seidell*, 140 *Ga.* 74 (78 S. E. 410); *Truitt* v. *Ansley*, 12 *Ga. App.* 329 (77 S. E. 200).          *Judgment reversed.*

DECIDED JANUARY 20, 1916.  REHEARING DENIED FEBRUARY 28, 1916.

Complaint; from municipal court of Atlanta.  February 16, 1915.

*A. H. Davis*, for plaintiff in error.

*Robert C. & Philip H. Alston*, contra.